**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>        Plaintiff,<br><br>v.<br><br>**GIANOPLUS CONSORTIA LLC a/k/a GIANOPLUS CONSORTIA, LLC, MICHAEL PETER GIANOPLUS, and TRACI LEIGH BRANSFORD-MARQUIS,**<br><br>        Defendants. | Case No. 8:26-cv-00993-CEH-AEP |

**DEFENDANTS' MOTION FOR A FORTY-FIVE (45) DAY EXTENSION OF TIME TO RETAIN COUNSEL, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Michael Peter Gianoplus ("Mr. Gianoplus"), appearing pro se, respectfully moves the Court for an Order granting both himself and Defendant Gianoplus Consortia LLC ("GC") a period of forty-five (45) days from the date of the Order within which to retain counsel, and further requests that the existing stay of the case-management report deadline remain in effect during that period. In support, Mr. Gianoplus states as follows:

**I. BACKGROUND**

The Securities and Exchange Commission ("Commission" or "SEC") filed its Complaint on April 7, 2026 (ECF No. 1). Mr. Gianoplus filed a pro se Answer, Affirmative Defenses, and Motion to Dismiss on May 8, 2026 (ECF Nos. 12–13), which included a response filed on behalf of GC.

On June 10, 2026, counsel for the Commission notified Mr. Gianoplus that the Commission intended to move to strike the Answer as applied to GC, on the ground that a limited liability company cannot appear in federal court without licensed counsel. On June 11, 2026, the Commission filed an unopposed motion to strike on that basis (ECF No. 15), proposing that: (i) the Answer be stricken as applied to GC; (ii) GC be given forty-five (45) days to retain counsel and have counsel file a proper answer on GC's behalf; (iii) failing that, the Commission may apply instanter for a default as to GC; and (iv) the case-management report deadline be stayed during that forty-five day period. Mr. Gianoplus does not oppose striking the Answer as applied to GC and has agreed to the Commission's proposed forty-five (45) day period, and the related stay, as to GC.

Notwithstanding diligent efforts, GC has been unable to secure counsel on a pro bono basis and has no operating funds of its own with which to retain counsel on a paid basis. Mr. Gianoplus is in materially the same position. He personally invested his own funds alongside GC's clients in the same instruments and programs at issue in this litigation, and those funds — like the funds of GC's clients — were transmitted to the third-party platforms and individuals now under active investigation, prosecution, or civil recovery proceedings abroad. He has likewise been unable to secure pro bono representation and does not presently have the personal resources to retain paid counsel.

Both Mr. Gianoplus and GC anticipate that funds recovered through ongoing, active international recovery efforts will provide the resources needed to retain counsel. Those efforts include proceedings involving Fatih Sarikaya (guilty plea, Austria), Safety-K GmbH (guilty plea, Austria, with court-ordered repayment enforcement ongoing), Jurgen Stzenger (fraud conviction, Germany, April 2026, with asset-freeze proceedings pending), and the principal of Fazriki LLC

(civil litigation, United Kingdom, with payment anticipated by July 2026). Mr. Gianoplus reported the conduct of Reign Financial International and Compass Fuel & Oil to the Commission under referral HO-14586 and has cooperated with Commission investigators for approximately four years.

Because Mr. Gianoplus's ability to retain counsel depends on the same anticipated recoveries as GC's, he respectfully requests that the Court extend the same forty-five (45) day period already proposed by the Commission as to GC to himself individually, so that both Defendants may use the time to finalize the retention of counsel.

## II. LEGAL STANDARD

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure permits a court, for good cause, to extend a party's time to act when the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). "Good cause" is a liberal standard that is not reducible to a precise formula. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

The Eleventh Circuit has repeatedly held that defaults and default judgments are disfavored because of the "strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). In assessing good cause and related relief from default, courts consider factors including whether the party's conduct was willful or culpable, whether the opposing party will be prejudiced, whether a meritorious defense exists, and whether the defaulting party suffered significant financial loss. *Compania Interamericana*, 88 F.3d at 951–52.

A limited liability company "is not permitted to appear without counsel," *M.W.T. Auto Sales LLC v. Mid-Atl. Fin. Co.*, 2024 WL 4932769 (M.D. Fla. Dec. 2, 2024), and that rule applies "even where the person seeking to represent the corporation is its president and major stockholder," *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); see also Local Rule 2.02(b). Courts have also recognized that a litigant's circumstances — including the complexity of the case and the litigant's ability to obtain counsel — are properly considered in evaluating requests for additional time. *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *cf. Powell v. Alabama*, 287 U.S. 45 (1932).

### III. ARGUMENT

#### A. Good Cause and the Absence of Prejudice Support a Forty-Five Day Extension for GC.

GC has diligently attempted to secure counsel but has not been able to locate an attorney willing to undertake the representation on a pro bono basis, and GC has no operating funds with which to retain paid counsel at this time. The forty-five day period requested here as to GC is the same period the Commission itself proposed in its unopposed motion to strike (ECF No. 15), and which Mr. Gianoplus has already agreed to on GC's behalf. Because the Commission has already represented that forty-five days is an appropriate period for GC to retain counsel, there is no genuine dispute that good cause supports granting that relief.

#### B. The Same Circumstances Warrant an Identical Extension for Mr. Gianoplus Individually.

The circumstances preventing Mr. Gianoplus from retaining counsel mirror those facing GC, and for the same underlying reason: his personal funds, like GC's operating funds, were committed to the same third-party platforms and instruments now the subject of foreign

convictions, guilty pleas, and civil recovery proceedings. He is, in effect, awaiting the same recoveries as GC's clients before he will have the resources to retain paid counsel. He has made diligent efforts to secure pro bono assistance and has been unable to do so. Extending to Mr. Gianoplus individually the same forty-five day period the Commission has already proposed for GC imposes no additional burden on the Commission and simply aligns the two closely related requests for time.

**C. Denying the Requested Extension Risks an Unjust Default Despite Defendants' Diligence and Their Intention to Contest the Commission's Claims on the Merits.**

Defendants have not been dilatory. GC and Mr. Gianoplus deny the Commission's allegations, intend to vigorously contest them on the merits, and have already filed a detailed Answer, affirmative defenses, and motion to dismiss setting out the substantive bases for that defense — including that the instruments at issue are not "securities" under the Howey test, that the Commission cannot establish scienter, and that any investor losses were caused by the intervening fraud of third parties who have since been convicted or are the subject of active foreign proceedings. (ECF Nos. 12–13.) A temporary inability to afford counsel is not evidence of a weak defense or of bad faith; to the contrary, the Eleventh Circuit treats significant financial loss to the party seeking relief as a legitimate factor bearing on fairness. *Compania Interamericana*, 88 F.3d at 951–52. Entering a default against Defendants solely because they have not yet been able to afford counsel — while they are diligently and in good faith working to secure the very funds that would allow them to do so — would be difficult to reconcile with the Eleventh Circuit's strong preference for deciding cases on their merits. *Ehlers*, 8 F.3d at 783.

**D. The Commission Will Suffer No Prejudice.**

The forty-five day period requested for Mr. Gianoplus is identical to the period the Commission itself proposed for GC, so granting this Motion does not extend the case beyond a timeframe the Commission has already represented to the Court is reasonable. No case-management deadline is presently running, as the parties have agreed that deadline should be stayed during the extension period. The Commission, moreover, investigated this matter for approximately three years before filing suit and will not be prejudiced by this brief, defined extension.

## IV. CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter an Order: (1) granting Defendant Gianoplus Consortia LLC and Defendant Michael Peter Gianoplus a period of forty-five (45) days from the date of the Order within which to retain counsel; (2) continuing the stay of the Local Rule 3.02(b) case-management report deadline as to both Defendants during that period; and (3) granting such other and further relief as the Court deems just and proper.

Dated: July 21, 2026

Respectfully submitted,

**Michael Peter Gianoplus**
Defendant, Pro Se
2364 National Drive
Apt 1
Brooklyn, NY 11234

gianoplus@ymail.com

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that, on July 21, 2026, I tried to confer with counsel for the Commission, Patrick R. Costello, Esq., regarding the relief requested in this Motion. [State the result of the conference here — e.g., whether the Commission opposes extending the same forty-five day period to Mr. Gianoplus individually.] Email and availability sent to Mr. Patrick Costello.

## CERTIFICATE OF SERVICE

I certify that on July 22, 2026, I served a copy of the foregoing on counsel of record by U.S. Mail and electronic mail at the following address:

Patrick R. Costello, Esq.
Securities and Exchange Commission
100 F Street NE, Washington, DC 20549
costellop@sec.gov

Michael Peter Gianoplus

Sent to:

Clerk - US District Court 801 North Florida Ave Tampa, FL 33602